UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number:  05-61891-CIV-MARTINEZ-BANDSTRA**

RICHARD E. SPOERR,
    Plaintiff,

vs.

MANHATTAN NATIONAL LIFE
INSURANCE COMPANY,
    Defendant and
    Third-Party Plaintiff,

vs.

RICHARD T. SPOERR, individually
and as Trustee of the PATRICIA A.
SPOERR REVOCABLE TRUST,
DATED AUGUST 9, 2003,
    Third-Party Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment **(D.E. No. 33)**, filed on **May 12, 2006**. The motion is fully briefed and ripe for adjudication, and a hearing was held on this motion on January 9, 2007. This Court has diversity jurisdiction over this case which involves a dispute regarding the disbursal of the proceeds of a life insurance policy. For the reasons set forth below, the Court will grant Plaintiff's motion for summary judgment.

### I.  Relevant Factual and Procedural Background

On April 18, 1988, Defendant Manhattan National Life Insurance Company ("Manhattan") issued a life insurance policy, insuring the life of Patricia A. Spoerr ("Patricia"). At the time this policy was issued, Spoerr Enterprises, Inc. ("Spoerr Enterprises") owned this

policy and was listed as the primary beneficiary. In December of 1988, Manhattan approved a policy change request from Spoerr Enterprises, Inc. and Patricia which changed the primary beneficiary to Patricia's husband at that time,[1] Plaintiff Richard E. Spoerr ("Plaintiff" or "Richard E.") and made Patricia the owner of the policy. On July 30, 2003, Patricia executed a durable power of attorney, appointing her son, Third-Party Defendant Richard T. Spoerr ("Third-Party Defendant" or "Richard T.") as her "lawful attorney" and giving him the power to act on her behalf on certain matters. (D.E. No. 33, Exh. B). On September 18, 2003, Manhattan approved a policy change request which changed the primary beneficiary from Richard E. to the Patricia A. Spoerr Revocable Trust ("Trust"). This policy change request was executed by Richard T. with a signature that referenced the durable power of attorney. (D.E. No. 32, Exh. A). Patricia died on October 15, 2003. On November 3, 2003, Manhattan paid $250,445.80 to Richard T. as Trustee of the Trust. On February 22, 2005, Plaintiff Richard E. requested payment under the policy from Manhattan. Manhattan denied this request. In November 2005, Richard E. filed suit against Manhattan in the Florida Circuit Court for the Seventeenth Judicial Circuit, which was later removed to this Court, seeking recovery of the policy amount plus interest from the date of Patricia's death. Manhattan then filed a Third-Party Complaint against Richard T. in his individual capacity and in his capacity as the Trustee of the Trust asking for a declaratory judgment, contribution, indemnification, and arguing that Richard T.'s retention of the proceeds would constitute unjust enrichment. Plaintiff Richard E. has now filed a motion for summary judgment arguing there are no genuine issues of material fact and that as a matter of

---

[1] Patricia and Richard E. divorced and entered into a Marital and Property Settlement Agreement on April 16, 1991.

law he is entitled to the payment of the proceeds of the policy from Manhattan.

## II.  Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  It is the moving party's burden to meet this standard.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  In order to meet this standard where the non-moving party bears the burden of proof on an issue at trial, the moving party need only "show the district court-that there is an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In considering the motion for summary judgment, the facts are viewed in the light most favorable to the non-moving party; however, a non-moving party must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324. (quoting Fed. R. Civ. P. 56(e)).  A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  In addition,  "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Furthermore, by its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no

*genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S. at 586. It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248.

### III.  Analysis

Plaintiff has alleged that he is entitled to summary judgment because the durable power of attorney executed by Patricia did not give Richard T. the power to change the beneficiary of the policy at issue in this case. In addition, Plaintiff argues that there are no genuine issues of material fact regarding the affirmative defenses of good faith pursuant to Florida Statute § 627.423 and estoppel asserted by Manhattan. Manhattan has also brought two additional issues regarding a Stockholder's Agreement and a Marital and Property Settlement Agreement to the Court's attention in a supplemental response.[2] After considering these issues and the record, the

---

[2] Manhattan also argued in its original response that summary judgment should be denied because it had not had time to seek discovery from the Third-Party Defendant Richard T. However, since this response was filed in June 2006 the parties were granted an extension of the discovery period and Manhattan filed a motion asking to supplement this response based on its additional discovery. *See* (D.E. Nos. 53, 60). The Court will grant this request and has considered this supplemental response in ruling on Plaintiff's motion for summary judgment. Manhattan also filed several documents in opposition to the motion for summary judgment including a deposition filed just last week, which the Court has considered in ruling on Plaintiff's motion. *See* (D.E. No. 93). Thus, the Court finds this argument regarding Manhattan's inability to conduct sufficient discovery has become moot. In addition, Manhattan makes vague statements in its original response that a settlement agreement regarding state court cases included this policy; however, later in its supplemental response Manhattan admits that while the settlement agreement resolves issues as to the proceeds of other life insurance policies no mention is made of the policy at issue in this case.

Court finds there are no genuine issues of material fact in this case and that Plaintiff is entitled to summary judgment.

> A. **Construction of Durable Power of Attorney**

The construction of the durable power of attorney ("POA") executed by Patricia in July of 2003 is a matter of law. *See James v. James*, 843 So. 2d 304, 308 (Fla. 5th DCA 2003) ("Construction of a power of attorney, like contract law, is a matter of law."). In construing a POA, "[t]he court must look to the language of the instrument, as with any other contract, in order to ascertain its object and purpose." *Johnson v. Fraccacreta*, 348 So. 2d 570, 572 (Fla. 4th DCA 1977). In addition, "'powers of attorney are strictly construed.'" *Alterra Healthcare Corp. v. Bryant*, 937 So. 2d 263, 269 (Fla. 4th DCA 2006) (quoting *De Bueno v. Castro*, 543 So. 2d 393, 394 (Fla. 4th DCA 1989)). The POA at issue in this case contains a limitation on the authority granted to the attorney-in-fact. Specifically, the POA states:

> Limitation. Notwithstanding the powers contained in this Durable Power of Attorney, my attorney in fact may not perform duties under a contract that require the exercise of my personal services; make any affidavit as to my personal knowledge; vote in any public election on my behalf; execute or revoke any Will or Codicil on my behalf; *create, amend, modify, or revoke any document or other disposition effective at my death or transfer of assets to an existing trust created by me unless expressly authorized by this Power of Attorney or said document;* or exercise powers and authority granted to me as trustee or court appointed fiduciary unless otherwise expressly authorized by said instrument of the court.

(D.E. No. 33 Exh. B ¶ (q)) (emphasis added). *See also* Fla. Stat. §709.08 (stating the same limitation on an attorney-in-fact). Thus, this language specifically prohibits the attorney-in-fact from changing the beneficiary of a life insurance policy as was done in this case unless the POA specifically authorizes the attorney-in-fact to perform this action. Upon examination of the POA, there is no provision which expressly authorized Richard T. as Patricia's attorney-in-fact to

change the beneficiary on her insurance policy. Manhattan's contention that paragraph (i) of the POA which provides that the attorney-in-fact could "execute and deliver applications for insurance . . . and to cancel and select the amounts therefor" authorized Richard T. to change the beneficiary on an existing policy is without merit. Applying for insurance is not the same as changing the beneficiary on an existing policy and paragraph (i) is in no way an "express" authorization for Richard T.'s actions as required by paragraph (q) of the POA. Therefore, the policy change request executed with Richard T.'s signature as Patricia's attorney-in-fact is void *ab initio*. *See*, *e.g.*, *Campbell v. Metropolitan Life Ins. Co.*, 812 F. Supp. 1173 (E.D. Okla. 1992) (finding where a change of beneficiary form for a Federal Employees Group Life Insurance policy was not witnessed as required by the applicable law the attempted change was "invalid and of no effect.").

      B.      **Payment Discharges Insurer under Section 627.423, Florida Statutes**

Next, Plaintiff argues that he is entitled to summary judgment because there are no genuine issues of material fact regarding Defendant's two affirmative defenses. Manhattan's first affirmative defense is that section 627.423 of the Florida Statutes bars Plaintiff's suit. Section 627.423 states:

> Whenever the proceeds of or payments under a life or health insurance policy or annuity contract become payable in accordance with the terms of such policy or contract, or the exercise of any right or privilege thereunder, and the insurer makes payment thereof in accordance with the terms of the policy or contract or in accordance with any written assignment thereof, the person then designated in the policy or contract or by such assignment as being entitled thereto shall be entitled to receive such proceeds or payments and to give full acquittance therefor; and such payments shall fully discharge the insurer from all claims under the policy or contract unless, before payment is made, the insurer has received at its home office written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy or contract.

Manhattan argues that because it paid the policy proceeds to Richard T. and Richard E. did not send it written notice that he was entitled to this payment, its duty has been discharged and it cannot now be held liable for its payment to Richard T.  However, as payment was made to Richard T. and not Richard E. and as the change of beneficiary was void *ab initio*, the payment was not made "in accordance with the terms of the policy" to the "person then designated."

Furthermore, an insurer is only immune from liability where payment to the beneficiary was done in good faith without knowledge.  *See* Fla. Stat. § 627.423 (stating that an insurer cannot discharge its liability where it has "written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy or contract.");  *Weed v. Equitable Life Assur. Soc'y of U.S.*, 288 F.2d 463, 464-65 (5th Cir. 1961) (applying Florida law and stating that "[p]ayment in good faith to the beneficiary of record by the insurance company without knowledge of facts vitiating the claim will prevent a second recovery by another claimant.");  *Hoffman v. White*, 277 So. 2d 290 (Fla. 4th DCA 1973) (stating that a life insurer could still be liable even after payment under the policy to a beneficiary where insurer did not make payment in good faith as two weeks prior to making payment the insurer was aware "that the curator of the decedent's estate would file suit seeking a judicial determination that the property settlement agreement precluded the primary beneficiary from entitlement to the insurance proceeds.").  *See also Fortis Benefits Ins. Co. v. Pinkley*, 926 So. 2d 981, 985 (Ala. 2005) (noting that section 27-14-24 of the Alabama Code, a similar statute to section 627.423, contained a good faith requirement as it stated that an insurer remains liable if "before payment is made, the insurer has received at its home office written notice by, or on behalf of, some other person that such other person claims to be entitled to such payment or some interest in the policy

or contract."). Here, it is undisputed that the policy only gave the power to change the beneficiary to the owner of the policy, who in this case was Patricia. (D.E. No. 1, Exh. A at 4,8). It is also undisputed that Manhattan received the POA and relied upon it in approving the change of beneficiary request signed by Richard T. (D.E. No. 32, Exh. 2 at 2). As the POA did not allow Richard T. as attorney-in-fact to execute the change of beneficiary form, a fact that is clear from the face of the POA, Manhattan was on notice that this change of beneficiary form was invalid and that Richard E. remained the beneficiary of the policy. *See*, *e.g.*, *Stavros v. Western & Southern Life Insurance Company*, Inc., 486 S.W.2d 712 (Ky. 1972) (where the Court found an insurance company was not immune from liability under a similar statute because insurer should have known that the change of beneficiary was unauthorized as the form changing the beneficiary was not executed by the insured, an eleven-year-old-boy or his parent or guardian as required by the policy). Thus, section 627.423 does not preclude Manhattan from liability.

    **C.**    **Estoppel**

Plaintiff also argues that he is entitled to summary judgment on Defendant's affirmative defense of estoppel. The following are the essential elements of an equitable estoppel defense:

> (1) a misrepresentation of a material fact by the party being estopped, which is contrary to a later asserted representation or position by that party, (2) reliance on that representation by the party claiming estoppel, and (3) a detrimental change in the position of the party claiming estoppel caused by that party's reliance on the misrepresentation.

*Lennar Homes, Inc. v. Gabb Const. Services, Inc.*, 654 So. 2d 649, 651 (Fla. 3d DCA 1995). *See also State Dep't of Revenue v. Anderson*, 403 So. 2d 397, 400 (Fla. 1981) (stating the same elements for estoppel). It is also clear that estoppel bars a person "'from asserting a right which he [or she] otherwise would have had'" where it was his or her duty to speak. *Taylor v. Kenco*

*Chemical & Mfg. Corp.*, 465 So. 2d 581, 586 (Fla. 1st DCA 1985) (quoting 22 Fla. Jur. 2d Estoppel and Waiver § 31 (1980)). Manhattan has argued that Plaintiff should be estopped from seeking payment under the insurance policy because Richard E. waited sixteen months after Manhattan paid the proceeds of the policy to Richard T. before challenging this disbursal. Manhattan's main argument in its response to the motion to for summary judgment consists of conclusory statements that estoppel is generally a question of fact. However, Federal Rule of Civil Procedure 56(e), states that where a moving party brings forward the absence of a genuine issue of material fact regarding an issue for which the non-moving party bears the burden of proof at trial, a non-moving party on a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." The Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value." *Evers v. General Motors Corp.*, 770 F.3d 984, 986 (11th Cir. 1985) (citations omitted). The only specific argument Manhattan has raised regarding estoppel is that on October 21, 2003, about two weeks before Manhattan paid the proceeds to Richard T., Manhattan sent to Richard E. a letter and attachment that notified him that the primary beneficiary of the policy at issue in this case was the Trust. However, the Court finds that this letter does not create a genuine issue of material fact regarding Manhattan's affirmative defense and that Manhattan cannot demonstrate estoppel where the information regarding this cause of action was equally available to it.

      This October 21, 2003 letter does not demonstrate that Richard E. knew he was the rightful beneficiary of the insurance policy. This letter provides a copy of a Lost Policy Certificate and does indicate that on October 21, 2003, the Trust was the primary beneficiary of the policy at issue in this case. *See* (D.E. No. 39, Exh. C). While this letter does not state that

there has been a change of beneficiary, it does convey the information that the Trust is the primary beneficiary of the policy. The Court acknowledges that the parties dispute Richard E.'s receipt of this letter. However, taking the facts in the light most favorable to the non-moving party and assuming that Richard E. received this letter, this letter is still not enough to create a genuine issue of material fact on the estoppel issue. "Estoppel presupposes an act of wrongdoing-such as fraud and concealment." *Fla. Dep't of Health and Rehabilitative Servs. v. S.A.P.*, 835 So. 2d 1091, 1097 (Fla. 2002). *See also Pelican Island Property Owners Ass'n, Inc. v. Murphy*, 554 So. 2d 1179, 1180 (Fla. 2d DCA 1989) ("The doctrine of estoppel should be applied with great caution and is applied only where to refuse its application would be virtually to sanction a fraud."). This letter does not provide enough information for Richard E. to be charged with knowledge of this cause of action as it does not reveal to Richard E. that the beneficiary of the policy was changed by an invalid power of attorney. In fact, there is no evidence of fraud in this case as there is no evidence that Richard E. knew of this cause of action before Manhattan relied to its detriment on his alleged silence. In his deposition, Richard E. testified that he became aware of the POA during other litigation commenced in state court. (D.E. No. 83 at 61). Specifically, Richard E. stated that this was a lawsuit brought by Richard T. against Richard E. *Id*. The record demonstrates that all such litigation was filed in 2004 after the disbursal of the funds which occurred on November 3, 2003. (D.E. No. 55, Exh. D). More importantly, "estoppel based upon silence cannot exist where the parties have equal knowledge of the facts or the same means of ascertaining that knowledge." *Mizell v. Deal*, 654 So. 2d 659, 663 (Fla. 5th DCA 1995). Even assuming that Richard E. was aware of this cause of action before Manhattan had relied on his alleged silence to its detriment, Manhattan was just as

capable of reading the POA and discovering that the change of beneficiary was invalid.  For these reasons, the Court finds there are no genuine issues of material fact as to Defendant's affirmative defense of estoppel.

      **D.**      **Stockholder's Agreement and Marital and Property Settlement Agreement**

Finally, Manhattan has argued that two other documents should preclude Richard E. from receiving the proceeds of Patricia's life insurance policy.  The first document is entitled Stockholders' Agreement-Stockholders of Spoerr Enterprises, Inc. entered into between Patricia, Richard E., and Ralph Kalus on August 30, 1990.  Manhattan specifically points to the section of this agreement which states:

> That all life insurance policies on the individual lives of any of the stockholders, whereby the premiums are being paid for by the corporation, and whereby the face value of the said policies are payable to Spoerr Enterprises, Inc., on the death of the individual stockholder shall be paid, but in no case shall be less than the insurance proceeds (net after payment of all taxes incurred), to the estate of the deceased individual stockholder.

(D.E. No. 55, Exh. A).  Manhattan argues that the premiums on the policy at issue in this case were being paid by Spoerr Enterprises and such "by the terms of the Stockholders' Agreement, Richard E. agreed that the proceeds of the Policy were to be paid to Patricia's estate, directly contrary to Richard E.'s claim in this action." (D.E. No. 53, Attached Supplemental Response at 3).  However, this section from the Stockholders' Agreement makes it clear that it applies to policies that "are payable to Spoerr Enterprises, Inc."  While it is undisputed that this policy was at one time payable to Spoerr Enterprises, it is also undisputed that in December 1988, the beneficiary of the policy was changed to Richard E. (D.E. No. 1, Attachment).  Thus, this language in the Stockholders' Agreement clearly has no effect on the policy at issue in this case as at the relevant time, it was not payable to Spoerr Enterprises.  Thus, the Court finds that the

Stockholders' Agreement is irrelevant and does not demonstrate that there is a genuine issue of material fact in this case.

Next, Manhattan argues that Richard E. waived his right to recover the proceeds of the policy at issue in this case in the Marital and Property Settlement Agreement entered into between Patricia and Richard E. on April 16, 1991. Manhattan specifically focuses on the following language in the agreement:

> The Husband further agrees and does hereby release, discharge and exonerate the Wife from any and all claims for curtesy, special equity, division of property, inheritance, descent and distribution and/or preferences as personal representative.

(D.E. No. 55, Exh. D, at 3). However, Manhattan fails to explain how this language operates as a waiver of Richard E.'s right to receive payment on a life insurance policy of which he is designated as the beneficiary. It is clear that for one to waive his or her rights that this waiver must be knowing and intentional. *See United States v. Olano*, 507 U.S. 725, 733 (1993) (stating that a "waiver is the 'intentional relinquishment or abandonment of a known right.'") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Here, there has been no knowing and intentional waiver of Richard E.'s rights. The general language of this provision in the Marital and Property Settlement Agreement does not demonstrate that Richard E. waived his right as a named beneficiary to receive the proceeds from the policy at issue in this case. *See Cooper v. Muccitelli*, 682 So. 2d 77, 79 (Fla. 1996) (noting that an argument "that the general language in . . . [a] separation agreement trumps the specific language in . . . [a life insurance policy] would place . . . [an insurer] in an impossible position-the carrier could never be certain whom to pay in such a situation without going to court, in spite of what the policy said or how clearly it was worded."); *Smith v. Smith*, 919 So. 2d 525, 528 (Fla. 5th DCA 2005) (stating that "while it may

be possible in a marital settlement agreement to waive one's right as a beneficiary of insurance policies, that waiver can only be accomplished if the waiving party specifically gives up his or her rights to the 'proceeds' of these policies. Otherwise, one must look only to the beneficiary designation made by the insured and filed with the insurer."). Therefore, the Court finds that the Marital and Property Settlement Agreement also does not demonstrate that there is a genuine issue of material fact in this case. Therefore, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Summary Judgment **(D.E. No. 33)** is **GRANTED.** A final judgment will be entered by separate order.

2. Defendant Manhattan National Life Insurance Company's Motion for Leave to File a Supplemental Response to Plaintiff Richard E. Spoerr's Motion for Summary Judgment **(D.E. No. 53)** is **GRANTED**. The supplemental response was considered in ruling on this motion.

3. Richard E. Spoerr's Motion in Limine **(D.E. No. 73)** is **DENIED** as **MOOT**.

4. This case remains on the Calendar Call set for Thursday, January 18, 2007 as trial will proceed on the Third-Party Complaint filed by Manhattan against Richard T. Counsel for Manhattan and Richard T. are expected to appear at this Calendar Call.

DONE AND ORDERED in Chambers at Miami, Florida, this 12 day of January, 2007.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record